UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ERNESTO LOPEZ,

Plaintiff,

-against-

NEW YORK CITY POLICE DEPARTMENT
DETECTIVE JOHN GAMBLE, tax
identification number 915764, in his individual
capacity; NEW YORK CITY POLICE
DEPARTMENT OFFICER STEVEN
KAMALIC, tax identification number 960740,
in his individual capacity; NEW YORK CITY
POLICE DEPARTMENT CAPTAIN TARIK
SHEPPARD, in his individual capacity; NEW
YORK CITY POLICE DEPARTMENT
OFFICER JOHN JONADEL DORREJO, shield
number 3595, in his individual capacity; NEW
YORK CITY POLICE DEPARTMENT
OFFICER FRANK RUSSO, shield number
14935, in his individual capacity; NEW YORK
CITY POLICE DEPARTMENT OFFICER
STEVEN GESSNER, shield number 967082, in
his individual capacity; NEW YORK CITY
POLICE DEPARTMENT DETECTIVE
DARNAY HARRIS, in his individual capacity;
NEW YORK CITY POLICE DEPARTMENT
OFFICER DANIELLE MOSES, shield number
number 1105, in her individual capacity; NEW
YORK CITY POLICE DEPARTMENT
OFFICER MICHAEL SAID, shield number
11735, in his individual capacity; NEW YORK
CITY POLICE DEPARTMENT OFFICER
PETER DAMATO, in his individual capacity;
NEW YORK CITY POLICE DEPARTMENT
OFFICER JAY SANTOS, shield number 2457,
in his individual capacity; NEW YORK CITY
POLICE DEPARTMENT OFFICER
GUSTAVO JARAMILLO, shield number 1528,
in his individual capacity; NEW YORK CITY

**ANSWER TO THE
AMENDED COMPLAINT
ON BEHALF OF THE
CITY, GAMBLE, AND
KAMALIC**

21-CV-2492 (EK)(VMS)

<u>JURY TRIAL DEMAND</u>

POLICE DEPARTMENT OFFICER "JOHN
DOE", in his individual capacity; THE CITY
OF NEW YORK,

                    Defendants.

_____

Defendants City of New York, Detective John Gamble, and Police Officer Steven

Kamalic, by their attorney, Georgia M. Pestana, Corporation Counsel of the City of New York, as

and for their answer to the amended complaint, dated November 3, 2021, respectfully alleges as

follows:

## PRELIMINARY STATEMENT

1.      Deny the allegations in paragraph "1" of the amended complaint.

2.      Deny the allegations in paragraph "2" of the amended complaint.

3.      Deny the allegations in paragraph "3" of the amended complaint.

4.      Deny the allegations in paragraph "4" of the amended complaint.

5.      Deny the allegations in paragraph "5" of the amended complaint.

6.      Deny the allegations in paragraph "6" of the amended complaint, except

admit that defendant Kamalic issued plaintiff a summons.

7.      Deny the allegations in paragraph "7" of the amended complaint.

## THE PARTIES

8.      Deny knowledge or information sufficient to form a belief as to the truth of

the allegations in paragraph "8" of the amended complaint.

9.      Deny the allegations in paragraph "9" of the amended complaint, except

admit that defendant Gamble was a member of the New York City Police Department on June 3,

2020.

1

10.     Deny the allegations in paragraph "10" of the amended complaint, except admit that defendant Kamalic was a member of the New York City Police Department on June 3, 2020.

11.     Deny the allegations in paragraph "11" of the amended complaint, except admit that defendant Sheppard was a member of the New York City Police Department on June 3, 2020.

12.     Deny the allegations in paragraph "12" of the amended complaint, except admit that defendant Dorrejo was a member of the New York City Police Department on June 3, 2020.

13.     Deny the allegations in paragraph "13" of the amended complaint, except admit that defendant Russo was a member of the New York City Police Department on June 3, 2020.

14.     Deny the allegations in paragraph "14" of the amended complaint, except admit that defendant Gessner was a member of the New York City Police Department on June 3, 2020.

15.     Deny the allegations in paragraph "15" of the amended complaint, except admit that defendant Harris was a member of the New York City Police Department on June 3, 2020.

16.     Deny the allegations in paragraph "16" of the amended complaint, except admit that defendant Moses was a member of the New York City Police Department on June 3, 2020.

17.     Deny the allegations in paragraph "17" of the amended complaint, except admit that defendant Said was a member of the New York City Police Department on June 3, 2020.

18.     Deny the allegations in paragraph "18" of the amended complaint, except admit that defendant Damato was a member of the New York City Police Department on June 3, 2020.

19.     Deny the allegations in paragraph "19" of the amended complaint, except admit that defendant Santos was a member of the New York City Police Department on June 3, 2020.

20.     Deny the allegations in paragraph "20" of the amended complaint, except admit that defendant Jaramillo was a member of the New York City Police Department on June 3, 2020.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "21" of the amended complaint as they pertain to an unidentified defendant.

22.     Deny the allegations in paragraph "22" of the amended complaint, except admit that plaintiff will proceed as stated therein.

23.     Deny the allegations in paragraph "23" of the amended complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York and that it maintains a police department.

## JURISDICTION AND VENUE

24.     Defendants state that the allegations in paragraph "24" of the amended complaint are legal conclusions to which no response is required.

25.     Deny the allegations in paragraph "25" of the amended complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

26.     Deny the allegations in paragraph "26" of the amended complaint, except admit that plaintiff purports to base venue as stated therein.

3

## JURY DEMAND

27.    The allegations set forth in paragraph "27" of the amended complaint are not averments of fact that require a response.

## FACTUAL ALLEGATIONS

28.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "28" of the amended complaint.

29.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "29" of the amended complaint.

30.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "30" of the amended complaint.

31.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "31" of the amended complaint.

32.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "32" of the amended complaint.

33.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "33" of the amended complaint.

34.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "34" of the amended complaint, except admit that George Floyd was killed on May 25, 2020.

35.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "35" of the amended complaint.

36.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "36" of the amended complaint.

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "37" of the amended complaint, except admit that protests did occur in New York City following the death of George Floyd.

38.     Deny the allegations in paragraph "38" of the amended complaint.

39.     Deny the allegations in paragraph "39" of the amended complaint, except admit that a curfew was announced for the City of New York on or about June 1, 2020, and further state that any Emergency Executive Orders issued speak for themselves.

40.     Deny the allegations in paragraph "40" of the amended complaint, and further state that any Emergency Executive Orders issued speak for themselves.

41.     Deny the allegations in paragraph "41" of the amended complaint, and further state that any Emergency Executive Orders issued speak for themselves.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "42" of the amended complaint.

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "43" of the amended complaint.

44.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "44" of the amended complaint, except admit that plaintiff was present at a protest on June 3, 2020.

45.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "45" of the amended complaint.

46.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "46" of the amended complaint.

47.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "47" of the amended complaint.

48.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "48" of the amended complaint.

49.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "49" of the amended complaint.

50.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "50" of the amended complaint.

51.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "51" of the amended complaint, except admit that Defendant Kamalic was wearing riot gear.

52.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "52" of the amended complaint.

53.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "53" of the amended complaint.

54.    Deny the allegations in paragraph "54" of the amended complaint.

55.    Deny the allegations in paragraph "55" of the amended complaint.

56.    Deny the allegations in paragraph "56" of the amended complaint.

57.    Deny the allegations in paragraph "57" of the amended complaint.

58.    Deny the allegations in paragraph "58" of the amended complaint.

59.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "59" of the amended complaint.

60.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "60" of the amended complaint.

61.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "61" of the amended complaint.

62.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "62" of the amended complaint.

63.     Deny the allegations in paragraph "63" of the amended complaint.

64.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "64" of the amended complaint.

65.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "65" of the amended complaint.

66.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "66" of the amended complaint.

67.     Deny the allegations in paragraph "67" of the amended complaint.

68.     Deny the allegations in paragraph "68" of the amended complaint.

69.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "69" of the amended complaint.

70.     Deny the allegations in paragraph "70" of the amended complaint.

71.     Deny the allegations in paragraph "71" of the amended complaint.

72.     Deny the allegations in paragraph "72" of the amended complaint.

73.     Deny the allegations in paragraph "73" of the amended complaint.

74.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "74" of the amended complaint.

75.     Deny the allegations in paragraph "75" of the amended complaint.

76.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "76" of the amended complaint, except admit that plaintiff was placed in plastic cuffs.

77.     Deny the allegations in paragraph "77" of the amended complaint.

78.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "78" of the amended complaint, except admit that plaintiff did ask defendant Gamble why he was being arrested.

79.     Deny the allegations in paragraph "79" of the amended complaint.

80.     Deny the allegations in paragraph "80" of the amended complaint.

81.     Deny the allegations in paragraph "81" of the amended complaint.

82.     Deny the allegations in paragraph "82" of the amended complaint.

83.     Deny the allegations in paragraph "83" of the amended complaint.

84.     Deny the allegations in paragraph "84" of the amended complaint.

85.     Deny the allegations in paragraph "85" of the amended complaint.

86.     Deny the allegations in paragraph "86" of the amended complaint.

87.     Deny the allegations in paragraph "87" of the amended complaint.

88.     Deny the allegations in paragraph "88" of the amended complaint.

89.     Deny the allegations in paragraph "89" of the amended complaint.

90.     Deny the allegations in paragraph "90" of the amended complaint, except admit that defendant Gamble did walk plaintiff to the bus.

91.     Deny the allegations in paragraph "91" of the amended complaint.

92.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "92" of the amended complaint.

93.     Deny the allegations in paragraph "93" of the amended complaint.

94.     Deny the allegations in paragraph "94" of the amended complaint.

95.     Deny the allegations in paragraph "95" of the amended complaint.

96.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "96" of the amended complaint, except admit that defendant Kamalic was assigned to plaintiff's arrest.

97.    Deny the allegations in paragraph "97" of the amended complaint, except admit that defendant Kamalic did not wear a mask.

98.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "98" of the amended complaint.

99.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "99" of the amended complaint.

100.    Deny the allegations in paragraph "100" of the amended complaint.

101.    Deny the allegations in paragraph "101" of the amended complaint.

102.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "102" of the amended complaint.

103.    Deny the allegations in paragraph "103" of the amended complaint.

104.    Deny the allegations in paragraph "104" of the amended complaint.

105.    Deny the allegations in paragraph "105" of the amended complaint.

106.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "106" of the amended complaint.

107.    Deny the allegations in paragraph "107" of the amended complaint.

108.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "108" of the amended complaint.

109.    Deny the allegations in paragraph "109" of the amended complaint.

110.    Deny knowledge or information sufficient as to form a belief as to the truth of the allegations in paragraph "110" of the amended complaint, except admit that plaintiff was lawfully taken to the police station in downtown Brooklyn on or about June 4th, 2020.

111.    Deny knowledge or information sufficient as to form a belief as to the truth of the allegations in paragraph "111" of the amended complaint.

112.    Deny knowledge or information sufficient as to form a belief as to the truth of the allegations in paragraph "112" of the amended complaint.

113.    Deny knowledge or information sufficient as to form a belief as to the truth of the allegations in paragraph "113" of the amended complaint, except admit that defendant Kamalic was assigned to plaintiff's arrest.

114.    Deny knowledge or information sufficient as to form a belief as to the truth of the allegations in paragraph "114" of the amended complaint.

115.    Deny the allegations in paragraph "115" of the amended complaint.

116.    Deny the allegations in paragraph "116" of the amended complaint.

117.    Deny the allegations in paragraph "117" of the amended complaint.

118.    Deny knowledge or information sufficient as to form a belief as to the truth of the allegations in paragraph "118" of the amended complaint.

119.    Deny the allegations in paragraph "119" of the amended complaint.

120.    Deny the allegations in paragraph "120" of the amended complaint.

121.    Deny the allegations in paragraph "121" of the amended complaint.

122.    Deny the allegations in paragraph "122" of the amended complaint, except admit that defendant Kamalic promptly removed plaintiff's zip ties and replaced them with metal cuffs.

123.    Deny knowledge or information sufficient as to form a belief as to the truth of the allegations in paragraph "123" of the amended complaint, except admit that plaintiff was booked on June 4, 2020.

124.    Deny knowledge or information sufficient as to form a belief as to the truth of the allegations in paragraph "124" of the amended complaint.

125.    Deny the allegations in paragraph "125" of the amended complaint.

126.    Deny the allegations in paragraph "126" of the amended complaint, except admit that plaintiff was released shortly after being arrested.

127.    Deny the allegations in paragraph "127" of the amended complaint, except admit that plaintiff was issued a Criminal Court Appearance Ticket.

128.    Deny knowledge or information sufficient as to form a belief as to the truth of the allegations in paragraph "128" of the amended complaint.

129.    Deny knowledge or information sufficient as to form a belief as to the truth of the allegations in paragraph "129" of the amended complaint.

130.    Deny knowledge or information sufficient as to form a belief as to the truth of the allegations in paragraph "130" of the amended complaint.

131.    Deny knowledge or information sufficient as to form a belief as to the truth of the allegations in paragraph "131" of the amended complaint.

132.    Deny knowledge or information sufficient as to form a belief as to the truth of the allegations in paragraph "132" of the amended complaint.

133.    Deny the allegations in paragraph "133" of the amended complaint.

134.    Deny knowledge or information sufficient as to form a belief as to the truth of the allegations in paragraph "134" of the amended complaint.

135.    Deny knowledge or information sufficient as to form a belief as to the truth of the allegations in paragraph "135" of the amended complaint.

136.    Deny the allegations in paragraph "136" of the amended complaint.

137.    Deny knowledge or information sufficient as to form a belief as to the truth of the allegations in paragraph "137" of the amended complaint.

138.    Deny the allegations in paragraph "138" of the amended complaint.

139.    Deny the allegations in paragraph "139" of the amended complaint.

140.    Deny knowledge or information sufficient as to form a belief as to the truth of the allegations in paragraph "140" of the amended complaint.

141.    Deny the allegations in paragraph "141" of the amended complaint.

142.    Deny the allegations in paragraph "142" of the amended complaint.

143.    Deny knowledge or information sufficient as to form a belief as to the truth of the allegations in paragraph "143" of the amended complaint.

144.    Deny the allegations in paragraph "144" of the amended complaint.

145.    Deny the allegations in paragraph "145" of the amended complaint.

146.    Deny the allegations in paragraph "146" of the amended complaint.

147.    Deny the allegations in paragraph "147" of the amended complaint, except admit that a Notice of Claim was received by the Comptroller's Office.

148.    Deny the allegations in paragraph "148" of the amended complaint, except admit that plaintiff testified at a 50H hearing.

149.    Deny the allegation in paragraph "149" of the amended complaint, except admit that this action was commenced on May 5, 2021.

**FIRST CAUSE OF ACTION**

150.    In response to the allegations set forth in paragraph "150" of the amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

151.    Deny the allegations in paragraph "151" of the amended complaint.

152.    State that the allegations in paragraph "152" are legal conclusions to which no response is required.

153.    Deny the allegations in paragraph "153" of the amended complaint.

154.    Deny the allegations in paragraph "154" of the amended complaint.

155.    Deny the allegations in paragraph "155" of the amended complaint.

**SECOND CAUSE OF ACTION**

156.    In response to the allegations set forth in paragraph "156" of the amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

157.    State that the allegations in paragraph "157" are legal conclusions to which no response is required.

158.    Deny the allegations in paragraph "158" of the amended complaint.

159.    Deny the allegations in paragraph "159" of the amended complaint.

160.    Deny the allegations in paragraph "160" of the amended complaint.

161.    Deny the allegations in paragraph "161" of the amended complaint.

162.    Deny the allegations in paragraph "162" of the amended complaint.

**THIRD CAUSE OF ACTION**

163.    In response to the allegations set forth in paragraph "163" of the amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

164.    Deny the allegations in paragraph "164" of the amended complaint.

165.    Deny the allegations in paragraph "165" of the amended complaint.

166.    Deny the allegations in paragraph "166" of the amended complaint.

167.    Deny the allegations in paragraph "167" of the amended complaint.

168.    Deny the allegations in paragraph "168" of the amended complaint.

169.    Deny the allegations in paragraph "169" of the amended complaint.

170.    Deny the allegations in paragraph "170" of the amended complaint.

171.    Deny the allegations in paragraph "171" of the amended complaint.

172.    Deny the allegations in paragraph "172" of the amended complaint.

173.    Deny the allegations in paragraph "173" of the amended complaint.

174.    Deny the allegations in paragraph "174" of the amended complaint.

**FOURTH CAUSE OF ACTION**

175.    In response to the allegations set forth in paragraph "175" of the amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

176.    Deny the allegations in paragraph "176" of the amended complaint.

177.    Admit the allegation in paragraph "177" of the amended complaint.

178.    Deny the allegations in paragraph "178" of the amended complaint.

179.    Deny the allegations in paragraph "179" of the amended complaint.

180.    Deny the allegations in paragraph "180" of the amended complaint.

181.    Deny the allegations in paragraph "181" of the amended complaint.

182.    Deny knowledge or information sufficient as to form a belief as to the truth of the allegations in paragraph "182" of the amended complaint.

183.    Deny the allegations in paragraph "183" of the amended complaint.

184.    Deny the allegations in paragraph "184" of the amended complaint.

185.    Deny the allegations in paragraph "185" of the amended complaint.

## FIFTH CAUSE OF ACTION

186.    In response to the allegations set forth in paragraph "186" of the amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

187.    Deny the allegations in paragraph "187" of the amended complaint.

188.    Deny the allegations in paragraph "188" of the amended complaint.

189.    Deny the allegations in paragraph "189" of the amended complaint.

190.    Deny the allegations in paragraph "190" of the amended complaint.

## SIXTH CAUSE OF ACTION

191.    In response to the allegations set forth in paragraph "191" of the amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

192.    Deny the allegations in paragraph "192" of the amended complaint.

193.    Deny the allegations in paragraph "193" of the amended complaint.

194.    State that the allegations in paragraph "194" are legal conclusions to which no response is required.

195.    Deny the allegations in paragraph "195" of the amended complaint.

## SEVENTH CAUSE OF ACTION

196.    In response to the allegations set forth in paragraph "196" of the amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

197.    Deny the allegations in paragraph "197" of the amended complaint.

198.    Deny the allegations in paragraph "198" of the amended complaint.

199.    Deny the allegations in paragraph "199" of the amended complaint.

200.    Deny the allegations in paragraph "200" of the amended complaint.

## EIGHTH CAUSE OF ACTION

201.    In response to the allegations in paragraph "201" of the amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

202.    Deny the allegations in paragraph "202" of the amended complaint.

203.    Deny the allegations in paragraph "203" of the amended complaint.

204.    The allegations set forth in paragraph "204" of the amended complaint are legal conclusions to which no response is required.

205.    Deny the allegations in paragraph "205" of the amended complaint.

## NINTH CAUSE OF ACTION

206.    In response to the allegations in paragraph "206" of the amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

207.    Deny the allegations in paragraph "207" of the amended complaint.

208.    Admit the allegations in paragraph "208" of the amended complaint.

209.    Deny the allegations in paragraph "209" of the amended complaint.

210.    State that the allegations set forth in paragraph "210" of the amended complaint are legal conclusions to which no response is required.

211.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "211" of the amended complaint.

212.    Deny the allegations in paragraph "212" of the amended complaint.

### TENTH CAUSE OF ACTION

213.    In response to the allegations in paragraph "213" of the amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

214.    Deny the allegations in paragraph "214" of the amended complaint.

215.    Deny the allegations in paragraph "215" of the amended complaint.

216.    Deny allegations in paragraph "216" of the amended complaint.

217.    State that the allegations set forth in paragraph "217" of the amended complaint are legal conclusions to which no response is required.

218.    Deny the allegations in paragraph "218" of the amended complaint.

219.    Deny the allegations in paragraph "219" of the amended complaint.

220.    Deny the allegations in paragraph "220" of the amended complaint.

221.    Deny the allegations in paragraph "221" of the amended complaint.

222.    Deny the allegations in paragraph "222" of the amended complaint.

223.    Deny the allegations in paragraph "223" of the amended complaint.

224.    State that the allegations set forth in paragraph "224" of the amended complaint are legal conclusions to which no response is required.

225.    Deny the allegations in paragraph "225" of the amended complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

226.    The amended complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

227.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of defendants.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

228.    Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, not have defendants violated any acts of Congress providing for the protection of civil rights.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

229.    Defendants Kamalic and Gamble have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore are entitled to qualified immunity.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

230.    At all times relevant to the acts alleged in the amended complaint, defendants Kamalic and Gamble acted reasonably and properly in the lawful exercise of their discretion and/or judgmental functions/decisions. Therefore, defendants Kamalic and Gamble are entitled to governmental immunity from liability on plaintiff's state law claims.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

231.    To the extent the amended complaint alleges any claims arising under New York State law, such claims are be barred, in whole or in part, for failure to comply with New York General Municipal Law §§ 50(e), et seq.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

232.    At all times relevant to the acts alleged in the amended complaint, defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion and/or judgmental functions/decisions. Therefore, defendant City of New York is entitled to governmental immunity from liability on plaintiff's state law claims.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

233.    Punitive damages are not recoverable against the City of New York. Punitive damages cannot be received against any other defendants, and, if available, the amount of such damages shall be limited by applicable state and federal law, including due process and other provisions of law.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

234.    Plaintiff's claims may be barred, in whole or in part, by the doctrine of laches, waiver, and estoppel.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

235.    Plaintiff's claims are barred, in whole or in part, by his own contributory and comparative negligence and by assumption of risk.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

236. There was probable cause for plaintiff's arrest, detention, and subsequent prosecution.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

237.  Plaintiff failed to mitigate his damages.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:

238.    To the extent that one or more defendants used any force, it was reasonable, justified, and necessary to accomplish defendant's official duties and to protect their physical safety and the safety of others.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:

239.    Plaintiff provoked any incident.


**WHEREFORE,** defendants request judgment dismissing the amended complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.


Dated: New York, New York
         December 17, 2021

GEORGIA M. PESTANA
Acting Corporation Counsel
of the City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007
(212) 356-5037


By:    *Nadine Ibrahim*    /s


Nadine Ibrahim
Shannon Riordan
Assistant Corporation Counsels
Special Federal Litigation Division


To:    All Counsel (by ECF)
       *Attorneys for Plaintiff*

20