# EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

JONATHAN S. ABADY
MATTHEW D. BRINCKERHOFF
ANDREW G. CELLI, JR.
RICHARD D. EMERY
DEBRA L. GREENBERGER
DIANE L. HOUK
DANIEL J. KORNSTEIN
JULIA P. KUAN
HAL R. LIEBERMAN
ILANN M. MAAZEL
KATHERINE ROSENFELD
ZOE SALZMAN
SAM SHAPIRO
EARL S. WARD
O. ANDREW F. WILSON

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbawm.com

MONDAIRE JONES
VASUDHA TALLA

ERIC ABRAMS
DAVID BERMAN
NICK BOURLAND
DANIEL M. EISENBERG
ARIADNE M. ELLSWORTH
SARA LUZ ESTELA
LAURA S. KOKOTAILO
SONYA LEVITOVA
SARAH MAC DOUGALL
SANA MAYAT
HARVEY PRAGER
VIVAKE PRASAD
MAX SELVER
EMILY K. WANGER

November 27, 2023

*Via ECF*
Honorable Eric R. Komitee
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11021

      Re:    *Lopez v. Gamble et al.*, No. 21 Civ. 2492

Dear Judge Komitee:

      We represent Plaintiff Ernesto Lopez in the above-captioned case. We write in response to the Court's November 13, 2023 Order requesting that Plaintiff respond to Defendants' argument that summary judgment should be granted for Defendants on Plaintiff's failure to intervene claim. We also include within this letter recent supplemental authority casting doubt on the viability of Defendants' qualified immunity defenses under 42 U.S.C. § 1983.

**Failure to Intervene**

      Genuine disputes of material fact preclude summary judgment for Defendant Captain Tarik Sheppard on Mr. Lopez's failure to intervene claim. A police officer is liable for failure to intervene where "(1) the officer had a realistic opportunity to intervene to prevent the harm; (2) a reasonable person in the officer's position would know that the victim's constitutional rights were being violated; and (3) the officer does not take reasonable steps to intervene." *Gerasimou v. Cillis*, No. 15 Civ. 6892, 2022 WL 118748, at *5 (E.D.N.Y. Jan. 12, 2022) (Komitee, J.) (cleaned up). Defendants admit that Captain Sheppard ordered Mr. Lopez's arrest. Pl. 56.1 CS, Dkt. 87, ¶ 17. Mr. Lopez's cell phone video shows that Captain Sheppard was directly in front of Mr. Lopez when he ordered the arrest. *Id.* ¶ 16. Within one to two seconds of that order, a group of officers struck Mr. Lopez on the back of the head with a hard object, violently tackled him to the ground, and jammed a knee or elbow into his back on the ground. *Id.* ¶¶ 24-30. A reasonable jury could find that (1) Captain Sheppard was in the immediate vicinity of the officers' excessive force, giving him a realistic opportunity to intervene to prevent it; (2) Captain Sheppard knew the force was constitutionally excessive because Mr. Lopez was a peaceful, non-resisting protester

E<small>MERY</small> C<small>ELLI</small> B<small>RINCKERHOFF</small> A<small>BADY</small> W<small>ARD</small> & M<small>AAZEL</small> LLP
Page 2

standing still and filming the scene around him, *id.* ¶¶ 7-18; and (3) Captain Sheppard took no steps to intervene despite having a reasonable opportunity to do so because the officers' force against Mr. Lopez continued without intervention, *id.* ¶¶ 24-30. These facts rule out summary judgment for Captain Sheppard on Mr. Lopez's failure to intervene claim.

### *Qualified Immunity*

Although Plaintiff recognizes that this Court is bound by controlling precedent, recent authority clarifies that qualified immunity has no statutory basis in 42 U.S.C. § 1983. A recent Fifth Circuit concurrence describes how academic scholarship "paints the qualified-immunity doctrine as flawed—foundationally—from its inception," because "courts have been construing the wrong version of § 1983 for virtually its entire legal life." *Rogers v. Jarrett*, 63 F.4th 971, 979 (5th Cir. 2023) (Willet, J., concurring) (citing Alexander A. Reinert, *Qualified Immunity's Flawed Foundation*, 111 C<small>AL</small>. L. R<small>EV</small>. 201 (2023)). The original text of Section 1 of the Civil Rights Act of 1891 (better known as Section 1983) included a "Notwithstanding Clause" that "explicitly displaces common-law defenses"—including qualified immunity—by stating that "§ 1983 claims are viable notwithstanding 'any such law, statute, ordinance, regulation, custom, or usage of the State to the contrary.'" *Id.* at 979-80 (quoting Civil Rights Act of 1781, ch. 22, § 1, 17 Stat. 13 (1871)). But "[f]or reasons lost to history, the critical 'Notwithstanding Clause' was inexplicably omitted from the first compilation of federal law in 1874." *Id.* at 980. Thus, "the Supreme Court's original justification for qualified immunity—that Congress wouldn't have abrogated common-law immunities absent explicit language—is faulty because the 1871 Civil Rights Act *expressly included such language*." *Id.* (emphasis in original).

The Supreme Court has explained that language of the statute as passed (known as a "Statutes at Large") is controlling, even if codified incorrectly or never codified at all. *See U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 448 (1993) (holding that a statute inadvertently omitted from the United States Code remained valid law); *United States v. Welden*, 377 U.S. 95, 98 n.4 (1964) ("[T]he Code cannot prevail over the Statutes at Large when the two are inconsistent."); *Stephan v. United States*, 319 U.S. 423, 426 (1943) (same). And any textual changes stemming from the codification of the federal laws in 1874 were not meant to alter the scope of the 1871 Civil Rights Act. *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 203 n.15 (1970) (Brennan, J., concurring in part and dissenting in part); *Hague v. Comm. for Indus. Org.*, 307 U.S. 496, 510 (1939).

Accordingly, qualified immunity is not a valid defense to claims under 42 U.S.C. § 1983, and Defendants cannot invoke it.

Respectfully Submitted,

/s/
Ilann M. Maazel
Max Selver

c. All Counsel of Record via ECF