UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ERNESTO LOPEZ,

                                    Plaintiff,       **STIPULATION AND ORDER**
                                                             **OF DISMISSAL**

        -against-

                                                                   21-CV-2492 (EK) (VMS)

CITY OF NEW YORK, et al.,

                                    Defendants.

-------------------------------------------------------------------X

        **WHEREAS,** the parties have reached a settlement agreement and now desire to resolve the remaining issues raised in this litigation, without further proceedings and without admitting any fault or liability;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, that

        1.    The above-referenced action is hereby dismissed with prejudice; and

        [REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

2. Notwithstanding the dismissal of this action in accordance with this agreement, the District Court shall continue to retain jurisdiction over this action for the purpose of enforcing the terms of the settlement agreement reached between the parties and set forth in the Stipulation of Settlement executed by the parties in this matter.

Dated: New York, New York
        May 16, 2024

EMERY CELLI BRINCKERHOFF
ABADY WARD & MAAZEL LLP
Ilann M. Maazel
*Attorney for Plaintiff*
600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000

By: _____
    Ilann M. Maazel, Esq.
    *Attorney for Plaintiff*

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the
   City of New York
*Attorney for Defendants*
100 Church Street, 3rd Floor
New York, New York 10007
(212) 356-5054
bforcier@law.nyc.gov

By: _____
    Bailey Forcier, Esq.
    *Assistant Corporation Counsel*


SO ORDERED:

_____
HON. ERIC R. KOMITEE
UNITED STATES DISTRICT JUDGE


Dated: _____, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
ERNESTO LOPEZ,

                                     Plaintiff,      **STIPULATION OF**
                                                            **SETTLEMENT**
           -against-

                                                            21-CV-2492 (EK) (VMS)
CITY OF NEW YORK, et al.,

                                     Defendants.
----------------------------------------------------------------------x

           **WHEREAS,** plaintiff commenced this action by filing a complaint on or about May 5, 2021, and an amended complaint on or about November 3, 2021, alleging that the defendants violated plaintiff's federal and state civil rights; and

           **WHEREAS,** Defendants City of New York, New York City Police Department ("NYPD") Detective John Gamble, Captain Tarik Sheppard, Detective Jonadel Dorrejo, Police Officer Frank Russo, Police Officer Steven Gessner, Detective Darnay Harris, Police Officer Danielle Moses, Police Officer Michael Said, Police Officer Peter Damato, Police Officer Steven Kamalic, Police Officer Jay Santos, and Police Officer Gustavo Jaramillo, have denied any and all liability arising out of plaintiff's allegations; and

           **WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

           **WHEREAS,** plaintiff has assigned all of his rights to costs, expenses and attorney's fees to his counsel, Emery Celli Brinckerhoff Abady Ward & Maazel, LLP; and

           **WHEREAS,** plaintiff has authorized his counsel to settle this matter on the terms set forth below;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

1. The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees except as specified in paragraphs "2" and "3" below.

2. Defendant City of New York hereby agrees to pay plaintiff Ernesto Lopez the sum of **ONE HUNDRED TWENTY-FIVE THOUSAND ($125,000.00) DOLLARS**, in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against the defendants and to release Defendants City of New York, NYPD Detective John Gamble, Captain Tarik Sheppard, Detective Jonadel Dorrejo, Police Officer Frank Russo, Police Officer Steven Gessner, Detective Darnay Harris, Police Officer Danielle Moses, Police Officer Michael Said, Police Officer Peter Damato, Police Officer Steven Kamalic, Police Officer Jay Santos, and Police Officer Gustavo Jaramillo; their successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

3. Defendant City of New York hereby agrees to pay plaintiff's counsel, Emery Celli Brinckerhoff Abady Ward & Maazel, LLP, the sum of **TWO HUNDRED SEVENTY-FIVE THOUSAND ($275,000) DOLLARS** in full satisfaction of all claims for attorneys' fees, costs, and expenses. In consideration for the payment of this sum, plaintiff's counsel does hereby release and discharge the Defendants City of New York, NYPD Detective

John Gamble, Captain Tarik Sheppard, Detective Jonadel Dorrejo, Police Officer Frank Russo, Police Officer Steven Gessner, Detective Darnay Harris, Police Officer Danielle Moses, Police Officer Michael Said, Police Officer Peter Damato, Police Officer Steven Kamalic, Police Officer Jay Santos, and Police Officer Gustavo Jaramillo; their successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all claims of attorneys' fees, costs, and expenses that were or could have been alleged in the aforementioned action.

4. Plaintiff and plaintiff's counsel shall execute and serve on the City of New York's attorney by legal tender (either by personal service or certified mail) at 100 Church Street, New York, New York 10007 all documents necessary to effect this settlement, including, without limitation, a General Release, based on the terms of paragraph "2" and "3" above, IRS Form W-9 for plaintiff's counsel, and an Affidavit of Status of Liens. Prior to tendering the requisite documents to effect this settlement, Medicare-recipient plaintiff must obtain and submit a final demand letter from his Medicare provider(s) for the reimbursement of any conditional payments made for the injuries claimed in this matter. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

5. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations, except to enforce the terms of this agreement.

6. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

7. Plaintiff agrees to hold harmless defendants regarding any past and/or future Medicare claims, presently known or unknown, in connection with this matter. If Medicare claims are not satisfied, defendants reserve the right to issue a multiparty settlement check naming the Medicare provider as a payee or to issue a check directly to the Medicare provider for the amount claimed in the Medicare provider's final demand letter.

8. This Stipulation of Settlement contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation of Settlement regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
       May 14, 2024

| | |
|---|---|
| EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP<br>Ilann M. Maazel<br>*Attorney for Plaintiff*<br>600 Fifth Avenue, 10th Floor<br>New York, New York 10020<br>(212) 763-5000 | HON. SYLVIA O. HINDS-RADIX<br>Corporation Counsel of the<br>  City of New York<br>*Attorney for Defendants*<br>100 Church Street, 3rd Floor<br>New York, New York 10007<br>(212) 356-5054<br>bforcier@law.nyc.gov |
| By: _____<br>Ilann M. Maazel, Esq.<br>*Attorney for Plaintiff* | By: _____<br>Bailey Forcier, Esq.<br>*Assistant Corporation Counsel* |